IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF SOUTH CAROLINA

USDC CLERK, FLORENCE SC
RECEIVED
2022 MAY 27 PM 2:12

CASE NO._____

| | |
|---|---|
| CALVIN JAMES REID, individually and on Behalf of All Others Similarly Situated, ) ) ) ) Plaintiff, ) ) vs. ) ) BUREAU OF PRISONS EMPLOYEE'S, ) In their Individual and ) Official Capacity, S. Hoey, ) Care Provider CDR Davis, ) K. Nolte, Health Service Admin., ) M. Bunnell, RN BSN, E. Ingersoll ) RN CCN, and Chaplain Middleton, ) ) Defendant(s). ) ) | Complaint Seeking Monetary Damages in Excess of Two Hundred and Fifty Million Dollars and Declaratory Relief on Bureau of Prisons Religious Policies. Pursuant to 28 U.S.C. §§ 1346, 2671, et. seq. "REQUEST FOR JURY TRIAL" |

COMPLAINT

1.    This Court has jurisdiction under 28 U.S.C. § 1331(a); 28 U.S.C. §§ 1346, 2671, et. seq.

2.    Plaintiff Calvin James Reid, is an individual that resides in the custody of the Bureau of Prisons (BOP), currently at the FCI Williamsburg facility located at 8301 U.S. Highway 521 Salters, South Carolina 29590.

3.    Plaintiff has exhausted Administrative Remedies by way of Federal Tort Claim Act (FTCA), Standard Form 95, listed in the BOP records under FTCA Claim numbers: TRT-SER-2022-00226 (February 23, 2022); TRT-SER-2022-01237 (February 23, 2022); TRT-SER-2022-0 3131 (April 14, 2022).

- 1 -

4.    Defendant S. Hoey, Clinical Director, is an individual that works at 8301 U.S. Highway 521, Federal Correctional Institution Williamsburg (FCI WIL.), Salters, South Carolina, 29590.

5.    Defendant Lt. CDR Davis, NP Plaintiff's Care Provider, is an individual that works at 8301 U.S. Highway 521, FCI WIL., Salters, South Carolina, 29590.

6.    Defendant K. Nolte, RN Health Service Administrator, is an individual that works at 8301 U.S. Highway 521, FCI WIL., Salters, South Carolina, 29590.

7.    Defendant M. Bunnel, RN BSN, is an individual that works at 8301 U.S. Highway, FCI WIL., Salters, South Carolina, 29590.

8.    Defendant E. Ingersoll, RN CCN, is an individual that works at FCI WIL., 8301 U.S. Highway 521, Salters, South Carolina, 29590.

9.    Defendant N. Middleton, Institution Chaplain, is an individual that works at 8301 U.S. Highway 521, FCI WIL., Salters, South Carolina, 29590.

10.    All Defendants can be served with this Complaint at FCI Williamsburg, 8301 U.S. Highway, Salters, South Carolina, 29590.

11.    Plaintiff is an inmate that suffers from several orthopedic maladies, diabetes Type II (which has recently been resolved.), degenerative disk disease, arthritis in most major primary mover joints, bone spurs and a history of cancer and other serious medical diagnoses, which require effective daily medications to function with a little normalcy.

12.   On August 20, 2021, Plaintiff arrived at FCI Williamsburg located at 8301 U.S. Highway 521, Salters, South Carolina 29590.

13.   Upon arrival in Salters, South Carolina, Plaintiff was placed in quarantine pursuant to FCI Williamsburg protocol, because of the pandemic caused by the COVID-19 virus.

14.   On August 23, 2021, Plaintiff received a health care evaluation from Defendant S. Hoey (Clinical Director).

15.   During the August 23, 2021, evaluation, Plaintiff discussed a myriad of health care issues, including the issue of severe diarrhea, which the investigator stated in his denial of Plaintiff's FTCA, that plaintiff made no mention of having severe diarrhea. (See Attached findings of FTCA.)(TRT-SER-2022-03131)

16.   Plaintiff avers that during the medical evaluation with Defendan S. Hoey, they discussed the approved consults obtained in March or April of 2021, at the FCI Victorville #1. Defendant S. Hoey informed Plaintiff that he would have to resubmit the request to get him approved for an MRI and UltraSound for the problem of possible testicle cancer. (See results from UltraSound preformed in May of 2021, hereto attached as Appendix-B)

17.   Plaintiff contends that Defendant S. Hoey was aware that Plaintiff had received an UltraSound, and the report detailed that Plaintiff had epididymal cyst and varicocele. Defendant S. Hoey provided no medication to attempt to resolve this problem. Plaintiff complained that he was/is experiencing a burning sensation when he urinated. (This problem has been ongoing for more tha two years.)

18.    Plaintiff avers that defendant(s) have failed to provide adequate medical treatment for the medical problem that are clearly presented in the medical records, and has failed to schedule the needed MRI, that was approved of prior to his transfer to the Williamsburg facility.

19.    Plaintiff contends that the medical staff received approval for Plaintiff to receive an MRI on his Shoulder in late December of 2021, and has failed to either prescribe the meds to provide some comfort to the excruciating pain that he deals with on a daily basis.

20.    Plaintiff contends that the Health Care staff at this facility received approval for Plaintiff to receive a gastroenterology screening in the month of December of 2021. Plaintiff has not received such screening.

21.    Plaintiff contends that Defendant Lt. CDR Davis, Plaintiff's assigned care provider has discontinued Plaintiff's prescription of Naproxen in retaliation for filing the federal tort claims against the health care staff at this facility.

22.    Plaintiff contends and believes that Defendant Davis discontinued plaintiff's medication and refuse to answer plaintiffs inmate to staff request for relief until April 22, 2022.

23.    Plaintiff request for relief in the form of a refill of prescribed medication. Plaintiff made a request on March 24, 2022, and April 9, 2022, and the last request was April 22, 2022, which defendant Davis replied to. (⬛⬛⬛⬛⬛)

24.    Plaintiff contends that because of the FTCA filed against the FCI Williamsburg Health Care professionals, Defendant

- 4 -

M. Bunnell, RN BSN, began to display a deliberate indiffrence regarding the distribution of plaintiff's medication.

25.    Plaintiff contends that on February 22, 2022, plaintiff requested via electronic medical board that he requested and checked the correct boxes to have a refille on his Metformin and Naproxen.

26.    Plaintiff contends that when he went to the pill line to pick the medications up, defendant M. Bunnell said plaintiff could only pick one medication up at a time because of the control movement. M. Bunnell only gave plaintiff the Metformin. Plaintiff never received the Naproxen refill. Plaintiff believes defendant Bunnell threw the medication away.

27.    Plaintiff contends that Defendant E. Ingersoll, RN CCN, began to display a deliberate indifference to plaintiff because of the FTCA filed against the FCI Williamsburg Health Care Professionals when he (E. Ingersoll) started to become very disrespectful each time he saw plaintiff.

28.    Plaintiff contends that on September 12, 2022, while he was engaged in a heated conversation with defendant Bunnell, about the medication he failed to give plaintiff, defendant Ingersoll came from the back corridor of health care building, and stated to plaintiff, "shut the fuck up and sit your as down."

29.    Plaintiff contends that once defendant Ingersoll initiated an agressive tone of disrespect, plaintiff responded by stating, " fuck you, and you can suck my dick, faggot."

- 5 -

30. Plaintiff contends that defendant's retaliatory agression was an attempt to place plaintiff in adminstrative segregation in an attempt to hinder plaintiff from pursuing legal actions against the Health Service Staff at FCI Williamsburg.

31. Plaintiff contends that Defendant N. Middleton, the institutional Chaplian, violated and interfered with his religious beliefs regarding his religious diet (kosher diet), listed as Common Fare.

32. Plaintiff contends that Defendant Chaplain Middleton is violating his First Amendment right to freely exercise his religious belief and customs regarding eating his Kosher meals in an unsanitary environment.

33. Plaintiff contends that on September 14, 2021, while exiting the prison dinning hall in route to his assigned unit to consume his religious Kosher diet meal in the sanctuary of his assigned cell. Chaplain Middleton stopped plaintiff and asked him why was he removing his Common Fare meal from the dinning hall.

34. Plaintiff avers that he made an attempt to explain that the dinning hall was serving PORK, and that his religion forbids him from eating in an unsanitary environment.

35. Plaintiff contends that a few choice words were spoken and Chaplain Middleton took plaintiff's kosher diet meal and went back to the dinning hall and instructed the kitchen staff to remove plaintiff from the Common Fare list.

36. Plaintiff contends that Defendant Middleton violated the Bureau of Prisons program statement and plaintiffs First

Amendment right to freedom of religion.

C O U N T      O N E

DELIBERATE INDIFFERENCE/AND OR WANTON NEGLIGENCE

37.    Plaintiff incorporates Paragraphs 1-36 and Appendix A-E by reference to this Complaint.

38.    Defendant, K. Nolte, Healthcare Administrator, displayed a deliberate indifference to Plaintiff's serious medical needs when she fails to schedule plaintiff an appointment to receive a Magnetic Resonance Imaging (MRI) where the medical records shows that he has been approved twice, and that he is experiencing a great deal of pain that has been ongoing for more than two years.

39.    Defendant, S. Hoey, Clinical Director, and the Doctor who provided plaintiff his initial medical evaluation, has displayed a deliberate indifference, and or wanton negligence by his failure to follow-up on the serious medical needs of his patient.

40.    Defendant(s) K. Nolte and S. Hoey is aware that Plaintiff is a chronic care inmate that suffers from several serious diagnosis which require effective medications for him to function on a daily basis and should no that the continued delay of not scheduling the MRI has caused and continues to cause Plaintiff to suffer from undiagnosed and untreated debilitating illnesses.

41.    Plaintiff contends that the actions of K. Nolte and S. Hoey are reprehensible, willful, malicious and in blatant and intentional disregard for the rights owed to him regarding his serious medical needs just because he filed a FTCA against them.

42.  Plaintiff claims and alleges that he is experiencing a great deal of pain and suffering, along with mental anguish resulting in difficulty of sleeping, eating, and carrying out otherwise daily activities.

43.  Plaintiff claims and alleges that on some days that it is difficult for him to preform the trivial task of tying his shoe or putting on socks, where the pain in the left shoulder is unbearable at times.

44.  Defendant, K. Nolte, or John/Jane Doe, Healthcare Administrator, or employee in charge with scheduling trips to off-facility medical institutions are displaying deliberate indifference/wanton negligence to Plaintiffs serious medical of resolving the issue of his degenerative debilitating left shoulder which is causing extreme pain and suffering.

45.  Defendant's responsible for scheduling the MRI, where the procedure for MRI was approved in April of 2021, and approved again in December of 2021. Today's date is May 21, 2022, and Plaintiff has not received the approved MRI to determine the derivation from the source of pain and the Defendant's are displaying a deliberate indifference/wanton negligence of Plaintiff's serious medical needs.

46.  All Defendant's involved, did knowingly and intentionally display a deliberate indifference to Plaintiff's serious medical needs because Plaintiff filed a Standard form 95 pursuant to the Federal Tort Claims Act (FTCA), by not scheduling the appointment which would determine the origin of which is causing the extreme pain in the left shoulder.

- 8 -

47. Plaintiff contends that all medical personal deliberately ignored the significant risk of harm to Plaintiff's health where Plaintiff continues to complain for over the past two or three years.

## COUNT    TWO

### RETALIATION FOR EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHT

48. Plaintiff incorporates Paragraphs 1-36 and Appendix A-E by reference to this Complaint.

49. Plaintiff contends that the retaliatory act's displayed by the Defendant's, were done in response to the exercise of Plaintiff's Constitutionally protected right and the Defendant's violated that right by placing his serious medical needs on the back-burner, which allowed Plaintiff to Continue to suffer extreme pain and suffering.

50. Plaintiff contends that all medical personal deliberately ignored the significant risk of harm to Plaintiff's health, but-for cause, the adverse actions against plaintiff would not have been taken in absence of the protected conduct.

51. Plaintiff seeks to request damages on each Defendant in amounts to be determined at a later filing.

## COUNT    THREE

### INFRINGEMENT OF RELIGIOUS FREEDOM/RETALIATION

52. Plaintiff contends that Defendant Chaplain Middleton, incorporated in paragraphs 31-36 and Appendix C by reference to this Complaint violated the Plaintiff's Eight Amendment to the United States Constitution; violation of due process, equal protection, and liberty interest; retaliation; and infringement of religious freedoms.

- 9 -

53.    Plaintiff contends that Defendant Chaplain Middleton retaliated by removing Plaintiff from the religious diet program without cause or notice, which program he engaged in is a protected First Amendment activity; the defendant took action that adversely affected Plaintiff's constitutionally protected speech; and a causal relationship existed between Plaintiff's profane language and the defendant's retaliatory actions.

54.    Plaintiff contends that Defendant Middleton continues to inflict emotional distress, or act intentionally when it was certain, emotional distress would result from her conduct. In fact, it is clear from her actions to omit Plaintiff's name from religious roster during days of Jewish Fasts & Holy Ceremonies. (See Appendix-C)

55.    Plaintiff contends that he has been suffering deep emotional distress as a result of Defendant Chaplain Middleton's actions.

**WHEREFORE**, Plaintiff request the following:

1.    Trial by Jury

2.    Compensatory and Punitive Damages in Excess of **Two Hundred and Fifty Million Dollars ($250,000,000.00)**

3.    Such other relief as the Court deems appropriate.


Respectfully Submitted,

Calvin James Reid #25278-076
FCI Williamsburg
P.O. Box 340
Salters, South Carolina  29590


- 10 -