IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Calvin James Reid, | ) C/A No. 1:22-cv-01687-SAL-SVH |
| | ) |
| Plaintiff, | ) Complaint Seeking Monetary |
| | ) Damages in Excess of Two Hundred |
| v. | ) and Fifty Million Dollars and |
| | ) Declaratory Judgment on the |
| United States of America, | ) Bureau of Prisons Religious |
| | ) Policies. |
| Defendants.(Sole defendant) | |
| | ) Pursuant to 28 U.S.C. §§ 1346, |
| Names listed in Complaint are | ) 2671, et. seq. |
| Only there to identify Tort | ) |
| Actions of Employees | ) "REQUEST FOR JURY TRIAL" |

AMENDED COMPLAINT

1. This Court has jurisdiction under 28 U.S.C. § 1331(a); 28 U.S.C. §§ 1346, 2671, et. seq.

2. Plaintiff, Calvin James Reid, is an individual that resides in the custody of the Bureau of Prisons (BOP), currently at the FCI Williamsburg facility located at 8301 U.S. Highway 521, Salters, South Carolina 29590.

3. Plaintiff has exhausted his Administrative Remedies by way of the Federal Tort Claims Act (FTCA), Standard Form 95. listed in the BOP records under FTCA Claim Numbers: TRT-SER-2022-00226 (February 23, 2022); TRT-SER-2022-01237 (February 23, 2022); TRT-SER-2022-03131 (April 14, 2022).

4. Defendants, all listed, work at Federal Correctional Institution Williamsburg (FCI WIL.) located at 8301 U.S. Highway 521, Salters, South Carolina 29590.

- 1 -

5. All listed defendants have been served, and the United States has filed a motion to dismiss or, in the Alternative, motion for Summary Judgment. See ECF No. 22.

6. Plaintiff is an inmate that suffers from several orthopedic maladies, diabetes Type II, degenerative disk disease, arthritis in most major primary mover joints, bone spurs and a history of cancer and other serious medical diagnoses, which require effective daily medication to function with a little normalcy.

7. Plaintiff incorporates by reference page two (2), of the initial Complaint that list the names and work address of the Defendants.

8. On August 20, 2021, Plaintiff arrived at FCI Williamsburg, located at 8301 U.S. Highway 521, Salters, South Carolina 29590.

9. Upon arrival at FCI WIL., Plaintiff was placed in quaranlline pursuant to FCI WIL. protocal, based on the pandemic caused by the COVID-19 virus.

10. On August 23, 2021, Plaintiff a health care evaluation from Defendant S. Hoey. (Clinical Director).

11. During the August 23, 2021, evaluation, Plaintiff discussed a myriad of health care issues, including the issue of plaintiff having severe diarrhea, which the investigator of the FTCA claim, stated in his denial of plaintiff's FTCA, that plaintiff made no mention of having severe diarrhea. (See FTCA

- 2 -

findings, TRT-SER-2022-03131.)(hereto attached, Appendix A.)

12. Plaintiff avers that during the medical evaluation with Defendant S. Hoey, they discussed the approved consults obtained in March or April of 2021, at the FCI Victorville # 1 facility.

13. On August 23, 2021, Defendant S. Hoey informed Plaintiff that he would have to re-submit the request for an MRI and UltraSound for problem of possible testical cancer. See (Results from UltraSound #1 & UltraSound #2.)(hereto attached in Appendix B.)

14. Defendant S. Hoey was aware that Plaintiff had received a prior UltraSound that detailed that Plaintiff had a number of epididymal cyst and varicocele.

15. Defendant S. Hoey failed to provide any type of medical treatment for the epididymal cyst and varicocele, where Plaintiff informed him on August 23, 2021, that he was experiencing a great deal of pain at times.

16. Plaintiff has complained about the pain and burning sensation he is experiencing without being seen by any Doctor to determine whether the hard lumps, or nodules detected from the first and second UltraSound to determine whether they are malignant or not. (Notably, the sizes of the lumps has increased.

17. The first UltraSound was performed in May of 2021, and as of this date (November 7, 2022) Plaintiff has still not received treatment for this ailment.

18. Plaintiff avers that the Defendants have failed to

- 3 -

provide medical treatment for the medical problems that are clearly presented in the medical records.

19. Plaintiff contends that the Defendants made the request for him to receive an MRI on his shoulder only after he filed a FTCA against them.

20. Plaintiff contends that the investigator stated in its denial, that plaintiff was seen several times by Health Services staff between August 2021 and October 2021, and did not mention you were suffering from severe diarrhea.

21. Plaintiff contends that he did complain about having severe diarrhea, that is the reason why plaintiff was schedule for a gastroenterology screening.

22. Plaintiff contends that he has been inconvenienced by the Defendants conduct by forcing him to file a complaint in order to receive medical treatment.

23. Plaintiff contends that he was approved---December of 2021, to receive an MRI regarding the left shoulder.

24. Plaintiff received an MRI on June 22, 2022.

25. The MRI revealed that Plaintiff's left shoulder has a number of problems, such as, Mild to moderate tendinosis of the suprapinatus tendon with partial-thickness intratendinous tears of the distal supraspinatus tendon.

26. Moderate hypertrophic changes at the acrominclavicular joint with prominent subacromial spur causing narrowing of the supraspinatus outlet. Findings are suggestive of

- 4 -

supraspinatus outlet impingement syndrome.

27. Plaintiff contends that he was approved for an operation in the early month of August 2022.

28. Defendant Davis, Plaintiff's assigned Care Provider has failed to provide plaintiff with any medical treatment, having first hand knowledge that plaintiff has multiple subchondral cyst at the head of the humerus laterally.

29. Plaintiff contends that the Rotator Cuff has a number of small partial-thickness intratendinous tear at the insertion of the supraspinatus tendon.

30. There is another small partial-thickness intratendinous tear of the supraspinatus tendon at 1.4 cm from the insertion.

31. Plaintiff contends that Defendant Davis, plaintiff's assigned Care Provider discontinued plaintiffs prescription of Naproxen in retaliation for filing the FTCA complaining that he is in pain and receiving no treatment.

32. Plaintiff contends that Lt. CDR Davis discontinued plaintiff's medication (Naproxen) and refused to answer plaintiff's inmate to staff request for refill until April 22, 2022.

33. Plaintiff requested a refill of Naproxen on March 24, 2022, and again on April 9, 2022, and the last request was made April 22, 2022, which is when Defendant Davis replied. See Appendix C. (Plaintiff did not have any medication for pain)

- 5 -

34. Plaintiff contends that defendant M. Bunnell shall be removed as a defendant in this matter.(deliberate indifference)

35. Plaintiff contends that defendant E. Ingersoll shall be removed as a defendant in this matter. (deliberate indifference)

36. Plaintiff contends that defendant Chaplain Middleton, the institutional, violate and interfered with his religious beliefs regarding his religious (kosher diet), listed as Common Fare Religious Diet program. (BOP) policy statement, institution Supplement: WIL 5360.09D. See Appendix D, pg. 4.

37. Plaintiff contends that on September 14, 2021, while he was exiting the prison dinning hall, in route to his assigned unit to consume his Religious Common Fare Kosher Diet meal, in the sanctuary of his assigned cell. Chaplain Middleton stopped plaintiff and took his Common Fare Religious Diet meal from him.

38. Plaintiff avers that prior to taking Plaintiffs Kosher meal from him, she asked "why are you removing that meal from the dinning hall?"

39. Plaintiff avers that he attempted to explain that his religious beliefs forbids him from dinning in such an unsanitary environment, especially in light of the fact that the dinning hall was serving a pork dish.

40. Plaintiff contends that a few choice words were spoken and Chaplain Middleton took plaintiff's Kosher Diet meal and stormed back into the dinning hall and instructed the kitchen staff to remove plaintiff from the Common Fare Religious Diet program.

41.    Plaintiff contends that defendant Chaplain, working in her official capacity, or individual capacity violated Bureau of Prisons (BOP) policy regarding Eligility and Rules. Review page 4, located in Appendix D.

42.    Plaintiff contends that the actions by Chaplain Middleton, substantially burdens his religious freedom or expression.

43.    Plaintiff contends that he has, and continues to be reinstated on the Religious Common Fare Diet to no avail. See Appendix C, hereto attached.

44.    Plaintiff is aware that I sincerely hold a religious belief (Orthodox Jew) and she continues to either provide me an interview in accordance with Institutional policy and/or just reinstate me to the Common Fare Religious Diet program.

45.    Plaintiff avers that he has been unable to freely exercise his religious beliefs, and is being force to choose between following the precepts of [my] religion and forfeiting [government] benefits.

46.    Plaintiff further contends defendant Chaplain Middleton removed him from the Common Fare Religious Diet program without cause. Plaintiff was removed from program on September 14, 2021. This amended Complaint is being entered before November 28, 2022.

47.    Plaintiff contends that defendant K. Nolte, Health Care Administrator, displayed a deliberate indifference to plaintiff's serious medical needs by delaying the scheduling of

- 7 -

crucial procedures, such as MRI, UltraSounds and other procedures that are/were needed to determine what is causing the excruciating pain he was experiencing on a daily and nightly basis.

48. Plaintiff contends that she schedule the Magnetic Resonance Imaging (MRI) where the medical records shows that he has been approved in prior request from other Administartive Health Care personel.

49. Defendant S. Hoey, Clinical Director, is an individual that works at 8301 U.S. Highway 521, Federal Correctional Institution (FCI) Williamsburg. Salters, South Carolina 29590.

50. Defendant CDR Davis, NP Plaintiff's Care Provider, is an individual that works at 8301 U.S. Highway 521, FCI Williamsburg, Salters, South Carolina 29590.

51. Defendant K. Nolte, RN Health Service Administrator, is an individual that works at 8301 U.S. Highway 521, FCI Williamsburg, Salters, South Carolina 29590.

52. Defendant, the Chaplain at the Institution, Ms. Middleton, is an individual that works at 8301 U.S. Highway 521, FCI Williamsburg, Salters, South Carolina 29590.

53. All defendants have been served the initial complaint where the United States appears to be the representative for all defendants. Plaintiff will serve this amended complaint on the assigned A.U.S.A. (The United States is Sole Defendant.)

Ground One: The United States violated "RLUIPA"

54. Plaintiff incorporates Paragraphs 1-53 and Appendices

A-F, by reference to this Amended Complaint.

55.    Defendant Chaplain Middleton is violating the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq., which provides that no government shall impose a substantial burden on the religious exercise of an inmate unless the government demonstrates that the burden promotes a compelling governmental interest and is the least restrictive means of furthering that interest.

56.    Defendant Middleton's failure to accommodate Plaintiffs Religious dietary needs by removing him from the Common Fare Religious Diet program without cause, allows plaintiff to state a claim under RLUIPA when he claims that the defendant is imposing a substantial burden on his religious exercise by removing him from the Common Fare Religious Diet program by violating the Common Fare agreement.

57.    Plaintiff has exhausted his administrative remedies on this issue, but the Institutional staff ignored the Standard Form 95 and allowed the Chaplain to continue violating Plaintiffs rights.

58.    Plaintiff is suffering injuries that consist of weight gain. Plaintiffs last record weight was 180 pounds, with an A1C of 5.6. Plaintiff now weighs 235 pounds, with an A1C of 9.7.

59.    Plaintiff contends that defendant Middleton continues inflict emotional distress, or act intentionally when it is certain emotional distress would result from her conduct. Along

- 9 -

mental anguish.

60.    Plaintiff, in Count One, claims that Chaplain Middelton is making a "conscious or intentional interference with his free exercise of rights."

Ground Two: The U.S. has displayed wanton negligence

61.    Plaintiff incorporates Paragraphs 1-53 and Appendices A-F, by reference to this Complaint.

62.    Defendants S. Hoey; CDR Davis; and K. Nolte, displayed a deliberate indifference and or wanton negligence when they ignored the significant risk of harm where they possessed the medical records that revealed a number of health issues that needed immediate attention.

63.    Defendants S. Hoey; CDR Davis; and K. Nolte, is aware that Plaintiff is a chronic care inmate that suffers from several serious diagnosis which require effective medications for him to function on a daily basis and should have known that the continued delay would exacerbate the existing medical condition. (Shoulder Injury).

64.    Defendants S. Hoey; CDR Davis; and K. Nolte, should have known that the delay in scheduling the MRI would cause and continues to cause Plaintiff to suffer from undiagnosed and untreated debilitating illnesses. See Appendix-F, MRI diagnostic report that occurred on June 22, 2022. (new materials)

65.    Plaintiff contends that the actions of S. Hoey; K. Nolte; and CDR Davis, are reprehensible, willful, malicious and in blatant and intentional disregard for the rights owed to him

- 10 -

regarding his serious medical needs.

66.    Plaintiff claims that he is experiencing a great deal of pain and suffering, along with mental anguish resulting in difficulty of sleeping, eating, and carrying out otherwise daily activities.

67.    Plaintiff contends that the defendants delay in his treatment constitute deliberate indifference because the delay in treatment continues to exacerbate the injury, and is unnecssarily prolonging the pain and suffering.

68.    Defendants S. Hoey; CDR Davis; and K. Nolte, did knowingly and intentionally display a deliberate indifference to plaintiff's serious medical needs, by not scheduling the MRI which would determine the origin of which is causing the extreme pain in the left shoulder.

69.    Plaintiff contends that the origin of the extreme pain was revailed in an MRI result, which the defendants received on June 28, 2022. See Appendix F.

70.    Plaintiff avers that defendant Davis submitted a request for surgery on August 7, 2022, and the request was approved within a couple of days from the request.

71.    Plaintiff contends that he has not received any type of pain relief medication for the XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX excruciating pain in the left shoulder. Nor has he been seen by a physician who specializes in surgery for this type of injury.

WHEREFORE, Plaintiff request the following:

1.    Trial by Jury

2.    Compensatory and Punitive Damages in Excess of Two Hundred and Fifty Million Dollars ($250,000,000.00)

3.    Declaratory Judgment on the Bureau of Prisons Religious policy, on whether inmates are allowed to remove their Common Fare Religious Diet program meal from the prison dinning hall.

4.    Such other relief this Court deems appropriate.


Respectfully Submitted,

Calvin James Reid # 25278-076
FCI Williamsburg
P.O. Box 340
Salters, SC    29590

---

1.    Category, e.g., Pain and Suffering and emotional distress. There is, of course, no fixed measure for these types of damages, but Plaintiff is seeking to recover $250,000,000.00.