IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Calin James Reid, | ) C/A No. 1:22-cv-01687-SAL-SVH |
| Plaintiff, | ) Complaint Seeking Monetary |
| | ) Damages in Excess of Twenty |
| v. | ) Millions Dollars and |
| | ) Declaratory Judgment on the |
| United States of America, | ) Bureau of Prisons Religious |
| | ) Policies. |
| Defendant. | ) Pursuant to 28 U.S.C. §§ 1346, |
| | ) 2671, et. seq. |

## AMENDED COMPLAINT

1.  This Court has jurisdiction under 28 U.S.C. § 1331(a); 28 U.S.C. §§ 1346 et. seq., 2671 et. seq.

2.  Plaintiff, Calvin James Reid, is an individual that resides in the custody of the Bureau of Prisons ("BOP"), currently at the FCI Williamsburg facility located at 8301 U.S. Highway 521, Salters, South Carolina 29590.

3.  Plaintiff has exhausted his Administrative Remedies by way of the Federal Tort Claims Act ("FTCA"), Standard Form 95. Listed in the BOP records under FTCA Claim Numbers: TRT-SER-2022-00226 (February 23, 2022); TRT-SER-2022-01237 February 23, 2022); TRT-SER-2022-03131 (April 14, 2022).

4.  Defendant, United States of America, located at 1441 Main Street, Suite 500, Columbia, South Carolina, 29201.

5.  Defendant, the United States, have been served, and the United States has filed another motion to dismiss. ECF No.39.

1

12.   On August 23, 2021, the United States informed Plaintiff that they would have to re-submit the request for an MRI and Ultrasound for possible testical cancer. (See Exhibit-A-a2, a3.)(See Ultrasound results, attached in Appendix-B.)

13.   The United States is aware that Plaintiff had received a prior Ultrasound that detailed that Plaintiff had a number of epididymal cyst and varicocele. (See date of first Ultrasound.)

14.   After learning that Plaintiff had epididymal cyst and varicocele, the United States has failed to provide any type of medical treatment for the epididymal cyst and varicocele. (See Medical Records,(Plaintiff has not received discovery)).

15.   Plaintiff has complained about the pain and burning sensation he is experiencing without being seen by any out-side Doctor to determine whether the hard lumps, or nodules detected from the first and second Ultrasound to determine whether they are malignant or not. (Plaintiff has been experiencing ongoing pain for nearly two years without being treated)

16.   The first Ultrasound was performed in May of 2021, and as of this date (January 9, 2023) Plaintiff has not received treatment for this ailment.

17.   Plaintiff avers that the United States ("Defendant"), have failed to provide medical treatment for the serious medical problems that are clearly presented in the medical records.

18.   Plaintiff contends that the United States made the request for him to receive an MRI on his shoulder only after he filed a FTCA claim against them. (See date claim was filed, and see date in medical record, that the request for MRI was filed.)

3

19.    Plaintiff avers that the United States, ("defendant"), is negligent in its care to plaintiff, and the United States has a duty of care owed by the defendant to Plaintiff, and that the defendant's breach of that duty by negligent act or omission results in pain and suffering damage proximately resulting from that breach of duty.

20.    Plaintiff avers that the United States, ("defendant"), is negligent in its care to provide medical treatment regarding the pain he is experiencing and has been for over 1200 days and counting. The United States has a duty of care owed by the defendant to Plaintiff, and that the defendant's breach of that duty by negligent act or omission results in pain and suffering damage proximately resulting from that breach of duty.

21.    Plaintiff avers the delay in medical care, or treatment of his left shoulder, after the MRI revealed that Plaintiff's left shoulder has a number of problems, such as, Mild to moderate tendinosis of the suprapinatus tendon with partial-thickness intratendinous tears of the distal supraspinatus tendon.

22.    Plaintiff avers that the United States, ("defendant"), is negligent and has failed to provide a duty of care owed by the defendant to Plaintiff, which has and is causing mental anguish, extreme mental disturbance, extreme discomfort, and extreme pain and suffering where the defendant has breached that duty by its negligent act or omission of not providing medical treatment to Plaintiff, where plaintiff continues to experience pain and suffering damage proximately resulting from that breach of duty.

4

23.    Plaintiff contends that he has been inconvenienced by the United States conduct by forcing him to file a law suit in order to receive medical treatment where he experienced diarrhea consistently for over month without any medical treatment from the United States. And the United States has a duty of care owed by the United States to Plaintiff, and that the United States's breach of that duty by negligent act or omission results in mental anguish, extreme mental disturbance, extreme discomfort and extreme pain and suffering where the United States has breached that duty. (See electronic cop-out, regarding request for help.)

24.    Plaintiff avers that his pain and suffering, extreme mental anguish, extreme mental disturbance, extreme discomfort, are direct result of the United States neligence for failing to provide some type of medical treatment that would reduce some of the pain, until he received surgery.

25.    Plaintiff contends that he was approved for surgery in the beginning of August 2022, and as of this date (January 2023.) plaintiff has not been seen by Medical personal that specializes in these type of injuries. The United States assigned health care provider at the Williamsburg facility has a duty of care owed by the defendant to plaintiff, and that the defendant's breach of that duty by its negligent act or omission, resulting in pain and suffering damages proximately resulting from that breach of duty.

26.    Plaintiff contends that the United States health care provider, discontinued plaintiffs prescription of Naproxen (Drug used to control and manage pain, which pain is a result of the

5

degenerative disk disease).

27.   The United States failed to provide plaintiff with any medical treatment, having first hand knowledge that plaintiff has multiple subchondral cust at the head of the humerus laterally.

28.   The United States failed to provide any medical treatment for the small partial-thickness intratendious tear at the insertion of the supraspinatus tendon. (Rotator Cuff)

29.   The United States has a duty of care owed by the United States to Plaintiff, and delayed care would exacerbate the existing medical condition of the left shoulder, and the breach of that duty by its negligent act or omission, is resulting in continued pain and suffering damages proximately resulting from that breach of duty.

30.   Plaintiff claims that the continued delay in his treatment, where the results of the MRI, clearly shows a number of injuries in his left shoulder. (See Appendix-F.)

31.   Plaintiff contends that the MRI revealed moderate hypertrophic changes at the acrominclavicular joint with prominent subacromial spur causing narrowing of the supraspinatus outlet. Findings are suggestive of supraspinatus outlet impingement syndrome. (No medical treatment provided by Defendant.)

32.   Plaintiff avers that the defendant ("United States"), actions were particlarly egregious and plaintiff continues to experience a great deal of physical pain.

CLAIM ONE

THE DEFENDANT HAS DISPLAYED/AND CONTINUES TO DISPLAY

GROSSLY NEGLIGENT, WILFUL, WANTON, AND RECKLESS
CONDUCT OF PLAINTIFF'S SERIOUS MEDICAL NEEDS BY
CONTINUOUSLY FAILING TO PROVIDE MEDICAL TREATMENT
TO HIS SERIOUS MEDICAL NEEDS

33. Plaintiff incorporates paragraphs 1-32 by reference in this Amended Complaint.

34. Plaintiff alleges that the actions of the United States are grossly or wanton negligent, for its failure to provide a duty of care owed by the defendant to Plaintiff, which has/and is causing mental anguish, extreme mental disturbance, extreme discomfort, and extreme pain and suffering where the defendant has breached that duty by its negligent act or omission of not providing medical treatment to plaintiff regarding his left shoulder, where plaintiff continues to experience pain and suffering, thereby causing non-economic damages resulting from that breach of duty.

35. Plaintiff alleges that the actions of the Defendant is reprehensible, willful, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff regarding his serious medical needs.

36. Plaintiff alleges and claims that he has/and is experiencing extreme paranoia, and mental anguish resulting in difficulty in sleeping, eating, and carrying out otherwise daily activities, as a result of the defendant's disregard for the rights owed Plaintiff regarding his serious medical needs.

37. Plaintiff alleges that claims presented in this Amended Complaint involves a medical facility of the United States, and the cap for non-economic damages is $350,000 for each plaintiff.

7

38.    Plaintiff alleges that claims presented in this Amended Complaint involves claims of defendant's gross negligence, wilful, wanton, and reckless conduct which removes the non-economic damage cap of the South Carolina Code Laws. Basically allowing a claimant to seek and recover the amount listed on the Complaint. See South Carolina Code Law 15-32-220 (E).

39.    Plaintiff contends that as a result of the United States breach of its duty of care owed to Plaintiff, he is seeking the amount of $10,000,000.00 (10 Million) in non-economic damages for their gross/wanton negligence for the delay care, which is exacerbating the existing medical condition, resulting in continued pain and suffering.

40.    Plaintiff contends that he is suffering Physical Pain, Mental Anguish; Emotional Distress and Loss of Enjoyment of Life as a result of the United States breach of its duty of care owed to Plaintiff, and he seeks non-economic compensation in the amount of $10,000,000.00 (10 Million) where the defendant continues to breach that duty by negligent act or omission, resulting in pain and suffering damages proximately resulting from that breach of duty.

41.    Plaintiff contends that the United States actions are particularly egregious and a monetary form of punishment, and punitive damages should be awarded, and that award can be substantial.

CLAIM TWO

THE DEFENDANT HAS DISPLAYED/AND CONTINUES TO DISPLAY

8

GROSS NEGLIGENCE IN ITS CARE TO PLAINTIFF BY NOT
PROVIDING MEDICAL TREATMENT AFTER THEY RECEIVED
THE RESULTS FROM ULTRASOUND AND MRI RESULTS

42.    Plaintiff incorporates paragraphs 1-32 by reference in this Amended Complaint.

43.    Plaintiff alleges that the United States breached its duty of care owed to the Plaintiff by failing to provide medical care after learning that the results from the Ultrasound, dated May 26, 2021. The results determined that Plaintiff had a number of epididymal cyst and varicocele. The defendant, although aware of the cyst, the defendant have made on effort to provide medical treatment for such aliment.

44.    Plaintiff alleges that the United States has breached its duty of care owed to the Plaintiff by failing to provide medical treatment after learning that the results from the Second Ultrasound, dated February 24, 2022. See Appendix-B. The second report reveals that the cyst have grown.

45.    The United States have displayed a gross/wanton negligence when they are ignoring the significant risk of harm where they possess the medical records that reveal a number of the Plaintiff's health issues that require immediate health care attention.

46.    The United States have displayed a gross/wanton negligence, knowing that Plaintiff is a chronic care inmate that suffers from several serious diagnosis which require effective medications for him to function on a daily basis and should have known that the continued delay of treatment would exacerbate the existing medical condition, (epididymal cyst) which have increased in size since first Ultrasound.

9

47.    Plaintiff contends that the United States has breached its care of duty owed to Plaintiff, and plaintiff is now seeking the amount of $10,000,000.00 (10 Million) in non-economic damages for their gross/wanton negligence for not proving medical care, which is continuing to exacerbate the existing medical condition, resulting in continued pain and suffering.

### CLAIM THREE

THE DEFENDANT HAS BREACHED ITS DUTY OF CARE OWED TO PLAINTIFF, AND CONTINUES TO BREACH THAT DUTY WITH GROSS/WANTON NEGLIGENCE ACT OR OMISSION RESULTING IN PAIN AND SUFFERING DAMAGES PROXIMATELY RESULTING FROM THAT BREACH OF DUTY. PLAINTIFF IS SEEKING DAMAGES UP TO TWENTY MILLION DOLLARS IN NON-ECONOMIC DAMAGES

48.    Plaintiff contends that the United States has breached its duty of care owed to Plaintiff at the United States health car facility located in Salters, South Carolina. The medical records reveal that Plaintiff began complaining in 2019 about the pain in the left shoulder.

49.    Plaintiff contends that it is now January of 2023, and the defendant, having certified knowledge of origin of pain, continues to breach its duty by negligent act or omission where the results from the MRI and Ultrasounds list particular diagnoses of health care concerns. Where defendant has not scheduled any appointments to have these health care matters resolved.

50.    Plaintiff incorporates paragraphs 1-49, and attached Appendices by reference the requested relief and sum for damages. Plaintiff is seeking relief in the form of medical care, or treatment, surgery on left shoulder and monetary relief in the

10

amount not to exceed $20,000,000.00 Dollars, because the defendant was/and is grossly negligent, wilful, wanton, and reckless. Based no the foregoing conduct, there is no limit to the amount of damages that may be awarded, under South Carolina Code of Laws. 15-32-220.

WHEREFORE, Plaintiff request the following relief:

1.     Trial by Jury if needed;

2.     Non-economic and Punitive Damages not to exceed Twenty Million ($20,000,000.00) Dollars;

3.     Such other relief this Court deems appropriate.

Respectfully Submitted,

Calvin James Reid # 25278-076
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

11