IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin James Reid,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br><br><br>　　　　　　　　　Defendant. | C/A No. 22-cv-1687-SAL<br><br><br><br>**OPINION AND ORDER** |

　　　This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 80.] The magistrate judge recommends the court deny Plaintiff Calvin James Reid's motions for summary judgment, ECF No. 64, and for judgment on the pleadings, ECF. No 68, and grant Defendant the United States of America's motion for summary judgment, ECF No. 65. The Report notified Plaintiff of the procedures for filing objections to the magistrate judge's recommendation. [ECF No. 80 at 21.] Plaintiff filed objections on June 26, 2023, ECF No. 82, and Defendant replied, ECF No. 83. For the reasons below, the court adopts the Report and amends it in part.

### BACKGROUND AND PROCEDURAL HISTORY

　　　Plaintiff, proceeding *pro se* and *in forma pauperis*, is a federal inmate at the Federal Correctional Institution (FCI) Williamsburg in Salters, South Carolina. [ECF No. 50 at 1.] He filed this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, alleging the United States denied him proper medical care for varicocele and epididymal cysts, tendinosis and intratendinous tears in the shoulder, and chronic pain arising from degenerative disk disease. *Id.*

1

at 2–7.  Plaintiff also claims Defendant failed to treat diarrhea that he experienced for over a month. *Id.* at 4.  He requests approximately $20 million in compensatory and punitive damages. *Id.* at 10.

Plaintiff moves for judgment on the pleadings, ECF No. 68, and for summary judgment based on Defendant's "failure to adequately present facts in the record to dispute [P]laintiff's assertions that the United States breached its duty of care owed to Plaintiff." [ECF No. 64 at 1.] Defendant likewise moves for summary judgment, arguing Plaintiff did not meet the required showings for a medical malpractice claim under South Carolina law—namely because he failed to present expert testimony to establish the standard of care and Defendant's breach thereof. [ECF No. 65 at 3–6.]  The magistrate judge agrees Defendant is entitled to summary judgment on that ground and further recommends the court deny Plaintiff's motions for judgment on the pleadings and for summary judgment. [ECF No. 80 at 9–19.] Plaintiff objects, claiming primarily that expert testimony was not required because his action is one for ordinary negligence. [ECF No. 82 ¶¶ 3–4, 6, 10.] In response, Defendant argues "the case deals exclusively with whether Plaintiff received appropriate medical treatment . . . [and] sounds in medical malpractice." [ECF No. 83 at 2.] Plaintiff filed a sur-reply to Defendant's response, reiterating several of his objections. [ECF No. 85.]  The matter is thus fully briefed and ripe for review.

## STANDARD OF REVIEW

I.  **The Magistrate Judge's Report**

The magistrate judge makes only a recommendation to the court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In response to a recommendation, any party may file written objections.  *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then reviews *de novo* only the portions of the Report to which a party has specifically objected.  *Id.*  An objection

2

is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). The district court is reasonably alerted to a party's objection if the litigant expresses belief that the magistrate judge erred in recommending dismissal of a claim. *Id.* at 461 (citing *Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017)). If instead a litigant objects only generally, the court reviews the Report for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## II.     Motions for Summary Judgment and Judgment on the Pleadings

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of proving to the court that there is no genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmoving party must then show that a fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). In determining whether of a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the nonmoving party. *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When considering a motion for judgment on the pleadings, on the other hand, a court is confined to materials in the pleadings. *A.S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964) (citing Fed. R. Civ. P. 12(c)).  A motion for judgment on the pleadings serves to "dispos[e] of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further[.]" *Lewis v. Excel Mech., LLC*, No. 2:13-CV-281-PMD, 2013 WL 4585873, at *1 (D.S.C. Aug. 28, 2013) (citing 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2010)).  The court must "accept[] as true all well-pleaded allegations in the plaintiff's complaint and draw[] all reasonable factual inferences" in the nonmoving party's favor. *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016) (applying the same standard as with a motion to dismiss under Rule 12(b)(6)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Judgment on the pleadings will only be granted if the moving party is nonetheless entitled to a favorable ruling as a matter of law.  *See Lewis*, 2013 WL 4585873, at *2.

## DISCUSSION

### I.     Defendant's Motion for Summary Judgment

The Report recommends summary judgment for Defendant on Plaintiff's FTCA claim based on Plaintiff's failure to satisfy the burden of proof for a medical malpractice claim under South Carolina law.  [ECF No. 80 at 9–18.]  For the reasons below, the court adopts the recommendation in part.

#### A. The Report's Findings

The Report correctly notes that the FTCA, under which Plaintiff proceeds, effects a partial waiver of the federal government's sovereign immunity and permits suits for personal injuries caused by federal employees acting within the scope of their employment.  *Id.* at 9 (citing 28

4

U.S.C. § 1346(b)(1)).  The federal statute further incorporates the liability standards of the place where the injury occurs.  *Id.*  Because Plaintiff alleges he suffered injuries while incarcerated at FCI Williamsburg, South Carolina tort law controls in this case.  *Id.* at 9–10; *see also* ECF No. 50 at 1.

Looking to South Carolina law, the magistrate judge finds that Plaintiff states a legally insufficient claim for medical malpractice.  [ECF No. 80 at 9–18.]  The Report notes that, under South Carolina law, medical malpractice is defined as "doing that which the reasonably prudent health care provider or health care institution would not do or not doing that which the reasonably prudent health care provider or health care institution would do in the same or similar circumstances."  *Id.* at 10 (quoting S.C. Code Ann. § 15-79-110(6)).  The Report concludes Plaintiff's action "is appropriately construed as a claim for medical malpractice" because the alleged negligence "is brought specifically with regard to the type of medical care or treatment received[.]"  *Id.* at 10 (citing *Dawkins v. Union Hosp. Dist.*, 758 S.E.2d 501, 504 (S.C. 2014)).[1]

The Report further correctly states that plaintiffs alleging medical malpractice must "provide evidence showing (1) the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the defendants' field of medicine under the same or similar circumstances, and (2) that the defendants departed from the recognized and generally accepted standards."  *David v. McLeod Reg'l Med. Ctr.*, 626 S.E.2d 1, 4 (S.C. 2006).  Crucially, both showings must be made using expert testimony, unless "the subject matter lies within the ambit of common knowledge so that no special learning is required to evaluate the

---

[1] The court rejects Plaintiff's objection that the Report construes his claims as an action for malpractice based solely on the fact that his complaint cites S.C. Code Ann. § 15-32-220—a provision capping noneconomic damages in malpractice claims. [ECF No. 82 ¶ 10.]  The court finds the Report correctly supplemented its analysis with the applicable case law.

conduct of the defendants." *Id.* (citing *Pederson v. Gould*, 341 S.E.2d 633, 634 (S.C. 1986)). The Report determines—and Plaintiff does not contest—that Plaintiff did not provide any expert testimony despite being advised of his opportunity to conduct discovery. [ECF No. 80 at 13, 17–18.]

### B. Plaintiff's Objections

#### 1. Construction of Plaintiff's FTCA Claim

Plaintiff first objects to the Report's decision to construe his claim as one for medical malpractice. [ECF No. 82 ¶¶ 3–4, 6, 10.] He maintains that his claim is instead for "ordinary negligence." *Id.* ¶ 4. The court grants Plaintiff's objection in part.

As the Report notes, not all negligent acts performed by health care professionals or in medical facilities amount to medical malpractice. [ECF No. 80 at 10.] For instance, an ordinary slip-and-fall claim is not automatically transformed into a medical malpractice suit by virtue of occurring in a hospital. *See Dawkins*, 758 S.E.2d at 504 n.2 (collecting cases). Consequently, "[t]he differentiation of ordinary negligence and medical malpractice claims is 'subtle' and 'depends heavily on the facts of each individual case.'" *Delaney v. United States*, 260 F. Supp. 3d 505, 510 (D.S.C. 2017) (citing *Dawkins*, 758 S.E.2d at 504). To distinguish medical malpractice claims, courts tend to require that the alleged injuries arise from treatment services—rather than from other aspects of a health care operation. *See Millmine v. Harris*, 2011 WL 317643, at *1 (D.S.C. Jan. 31, 2011). According to the magistrate judge, Plaintiff's negligence claim arises from treatment services and is thus one for malpractice. [ECF No. 80 at 10.]

The court agrees the bulk of Plaintiff's negligence claims concern his dissatisfaction with the medical care provided to him at FCI Williamsburg. According to the complaint, Plaintiff had initial contact with medical professionals employed by Defendant for the purpose of evaluating

6

his epididymal cysts, varicocele, shoulder injuries, and chronic pain. *See* ECF No. 50 ¶¶ 12 (describing Defendant and Plaintiff's discussions of a potential shoulder MRI and an ultrasound of the epididymal cyst and varicocele), 26 (contending Defendant discontinued Plaintiff's Naproxen prescription used for chronic pain). As detailed in the Report, evidence beyond the pleadings also indicates Plaintiff received initial medical evaluations from Defendant's employees:

> On May 26, 2021, Plaintiff underwent an ultrasound of his scrotum that showed epididymal cysts and varicocele. *Id.* at [¶ 43]. Plaintiff was transferred to FCI Williamsburg on August 20, 2021. [ECF No. 72-4 at 1]. On August 23, 2021, a prison medical official indicated he would have to resubmit a request for a second ultrasound of Plaintiff's scrotum. [ECF No. 50 at 2]. However, Stephen Hoey, D.O., did not order a second ultrasound of Plaintiff's scrotum until December 30, 2021. [ECF No. 64-2 at 4]. On February 24, 2022, the second scrotal ultrasound showed the cysts had grown. *Id.* at 8. Despite evidence of growth, prison medical staff failed to provide medical treatment for the epididymal cysts and varicocele. *Id.* at 2, 8. Plaintiff noted hard bumps and nodules and complained of pain and burning sensation, but has not been evaluated by an outside doctor for possible malignancy. *Id.* at 2.
>
> Although prison medical staff informed Plaintiff on August 23, 2021, that they would resubmit a request for magnetic resonance imaging ("MRI"), they did not request an MRI of Plaintiff's left shoulder until December 20, 2021, with a target date of March 21, 2022. [ECF Nos. 50 at 2 and 64-2 at 6]. Plaintiff did not undergo an MRI of his left shoulder until June 22, 2022. [ECF No. 64-2 at 3]. The MRI of Plaintiff's left shoulder showed mild-to-moderate tendinosis of the supraspinatus tendon with small partial-thickness intratendinous tears of the distal supraspinatus tendon; moderate hypertrophic changes at the acromioclavicular joint with prominent subacromial spur causing narrowing of the supraspinatus outlet, suggestive of supraspinatus impingement syndrome; and evidence of bone marrow reconversion. *Id.* Plaintiff claims he was approved for surgery in August 2022, but that he has not been examined by a medical specialist. [ECF Nos. 50 at 4 at 72-4 at 2]. Plaintiff's health care provider discontinued Plaintiff's prescription for Naproxen, which he had previously used to manage his pain. *Id.* at 4–5. Plaintiff received no treatment for his left shoulder impairment, despite prison medical staff's knowledge of that impairment. *Id.* at 5.

[ECF No. 80 at 2–3.] Based on this record, the court agrees that Plaintiff's negligence claim—as it relates to his epididymal cysts and varicocele, shoulder injuries, and chronic pain—principally concerns his disagreement with the timing and manner in which Defendant's medical professionals

rendered treatment. Accordingly, the court agrees that, to the extent Plaintiff anchors his negligence claim on these facts, he cannot disguise his action as one for ordinary negligence.

The court, however, finds that Plaintiff's claim concerning diarrhea he experienced "for over a month" does not sound in medical malpractice. [ECF No. 50 at 4.] As the Report notes, the complaint alleges Plaintiff received "no treatment" for this condition. [ECF No. 80 at 4.] And unlike with the other ailments underlying his claim,[2] there is no clear indication Plaintiff had any contact with a medical professional regarding the diarrhea, such that his grievance arose from medical treatment, *see Millmine*, 2011 WL 317643, at *1, and concerns Defendant "doing that which the reasonably prudent health care provider or health care institution would not do . . . in the same or similar circumstances."[3] S.C. Code Ann. § 15-79-110(6). Plaintiff's claim cannot properly be construed as medical malpractice assuming, as the complaint suggests, he never saw a medical professional for his condition. *See Henderson v. United States*, No. 5:21-CV-3249-JD-KDW, 2022 WL 5434255 (D.S.C. July 18, 2022), *report and recommendation adopted as modified*, No. 5:21-CV-3249-JD-KDW, 2022 WL 4354370 (D.S.C. Sept. 20, 2022) (finding a plaintiff did not allege malpractice where he "generally allege[d] that correctional staff failed to intervene and respond in a timely manner to render aid . . . [but did] not allege any independent injury incurred in the actual rendering of medical care"); *see also Dawkins*, 758 S.E.2d at 505 (construing a claim as ordinary negligence where an injury occurred before contact was made with

---

[2] In his objections, Plaintiff states Defendant "breached its duty of care [to Plaintiff] by failing to treat his serious medical needs[.]" [ECF No. 82 at 1.] The court overrules this objection to the extent those needs concern his epididymal cysts and varicocele, shoulder injuries, and chronic pain, as the record indicates he did receive at least some medical evaluation for those conditions. Plaintiff seemingly equates delayed treatment with no treatment at all.

[3] The Bureau of Prison's internal review of claim number TRT-SER-2022-03131 concluded Plaintiff never brought this condition to the medical staff's attention during his evaluations. *See* ECF No. 1-1 at 3–4. There is, however, some evidence in the record to suggest Plaintiff sought medical treatment for his condition through independent avenues. *See id.* at 5.

8

medical professionals for treatment purposes). Plaintiff's objection is, therefore, narrowly sustained, as it concerns Defendant's alleged failure to treat his diarrhea. The court agrees that summary judgment as to that portion of Plaintiff's negligence claim is not warranted on the grounds Defendant articulates and amends the Report accordingly.

### 2. Requirement of Expert Testimony

Plaintiff's further objections are overruled to the extent they challenge the remainder of the Report's findings. To begin with, the court rejects Plaintiff's contention that the Report erred in finding Plaintiff needed to offer expert testimony to establish his FTCA claim. [ECF No. 82 ¶ 1.] Plaintiff seems to argue the "careless[ness]" of Defendant's course of treatment was "quite obvious," thereby rendering expert testimony unnecessary. *Id.*; *see also* ECF No. 80 at 13. The court, however, disagrees. As the Report states, South Carolina law does not require expert testimony in medical negligence cases if "the subject matter lies within the ambit of common knowledge, so that no special learning is required to evaluate the conduct of the defendants." [ECF No. 80 at 11 (citing *Brouwer v. Sisters of Charity Providence Hosps.*, 763 S.E.2d 200, 204 (S.C. 2014)).] Based on the various medical printouts submitted by Plaintiff, the magistrate judge concludes the appropriate treatment for varicocele and epididymal cysts, tendinosis and intratendinous tears in the shoulder, and chronic pain arising from degenerative disk disease is not apparent to the layperson. *Id.* at 13–18. As those materials suggest, a range of possible treatment options exists for ailments alleged—some of which include rest or no treatment at all. *Id.* at 12–18. The court thus agrees that the proper treatment plan was not "so obvious" that a layperson could find Defendant liable for malpractice. *Id.* at 13. Accordingly, it finds that Plaintiff needed to present expert testimony to establish the standard of care for treating varicocele and epididymal cysts, tendinosis and intratendinous tears, and chronic pain and to show Defendant's departure

9

from that standard. His failure to do so makes summary judgment appropriate as to those portions of Plaintiff's FTCA claim, as the Report suggests.

The court relatedly rejects Plaintiff's contention that the Report improperly reviewed the medical printouts Plaintiff submitted to the record. *See* ECF No. 82 ¶ 2. Plaintiff argues the magistrate judge erroneously surveyed the various treatment options, while "fail[ing] to point to the record where the United States used any of the options available to them to treat Plaintiff's diagnosed injuries." *Id.* The court finds no fault in the Report's failure to identify a particular treatment option employed by Defendant after Plaintiff's initial medical assessments. As Plaintiff's own materials suggest, a range of possible treatments exists for varicocele and epididymal cysts, tendinosis and intratendinous tears, and chronic pain—including rest or a lack of treatment. *See* ECF No. 80 at 12–18. To the extent Plaintiff attempts to claim Defendant should have affirmatively acted in a particular way, he forfeited that argument by failing to establish the appropriate standard of care through expert testimony.

### 3. Arguments from Case Law

The court likewise rejects Plaintiff's appeals to case law. Plaintiff, for example, argues the Report erred in failing to address *United States v. Muniz*, 374 U.S. 150 (1963), a United States Supreme Court case concerning the FTCA. There, the Supreme Court rejected the notion that state and local sovereign immunity protections could shield state actors from facing liability under federal causes of actions granted to prisoners. *Id.* at 164–66. In reaching this conclusion, the Court noted that federal prisoners are "owed a duty of care by the Bureau of Prisons . . . independent of an *inconsistent* state rule." [ECF No. 82 ¶ 6 (quoting *id.* at 164–65 (emphasis added)).] This court, however, does not detect a similar conflict between Plaintiff's malpractice claims and the FTCA.

Indeed, the FTCA incorporates the tort law of South Carolina—the place where the injury occurred. *See* 28 U.S.C. § 1346(b)(1).

The court also overrules Plaintiff's objection that the Report is contradicted by *Pledger v. Lynch*, 5 F. 4th 511 (4th Cir. 2021). Plaintiff correctly summarizes the Fourth Circuit case as finding that "the district erred in dismissing a medical negligence claim brought pursuant to the FTCA based on the plaintiff's failure to meet pre-suit requirements under West Virginia law[.]" [ECF No. 82 ¶ 10B.] In *Pledger*, 5 F. 4th at 518, the court specifically considered a state requirement that litigants secure a certification from a medical expert before filing suit. The Fourth Circuit found the procedure conflicted with and was supplanted by the Federal Rules of Civil Procedure. *Id.* Plaintiff's objections suggest the case precludes summary judgment here, because Plaintiff did not fail any federal filing requirements. [ECF No. 82 ¶ 10B.] But, as the Report notes, the magistrate judge recommends summary judgment based on Plaintiff's failure to meet the burden of proof for medical malpractice under the substantive tort law of South Carolina. The magistrate judge does not base its conclusion any failed pre-filing requirements. [ECF No. 80 at 18 n.2.] The Report also correctly distinguishes the *Pledger* case, because the district court there failed to advise the plaintiff of his opportunity to conduct discovery before granting summary judgment. *Id.* In contrast, Plaintiff here had both notice and an opportunity to conduct discovery, but he failed to produce any expert testimony. *Id.* The court agrees the *Pledger* case does not cure the defects in Plaintiff's claim.

**4. Factual Characterizations**

Moreover, the court overrules Plaintiff's objections to the Report's characterization of various immaterial facts. Plaintiff, for one thing, argues the magistrate judge erred in not discussing "the time period . . . delays, [and] possible exacerbation of the existing medical

11

diagnose[s]" caused by Defendant's actions. [ECF No. 82 ¶ 7.] As observed above, the Report concluded Plaintiff failed to properly establish the standard of care and Defendant's departure from it. [ECF No. 80 at 18.] The magistrate judge, therefore, had no occasion to discuss potential damages arising from the alleged medical malpractice.

The court likewise rejects Plaintiff's objections to the Report's timeline for his shoulder MRIs, as it relates to when Plaintiff filed this action. [ECF No. 82 ¶ 10C.] According to the magistrate judge, the prison medical staff ordered an MRI on December 20, 2021, after an initial discussion with Plaintiff on August 23, 2021. [ECF No. 80 at 3, 12.] The Report further states that Plaintiff did not file this action until May 27, 2022. *Id.* at 12 (citing ECF No. 1). Based on these dates, the Report rejects Plaintiff's allegation "that the United States did not order the MRI until after this action was filed." *Id.*; *see also* ECF No. 50 at 2. Plaintiff objects, arguing he "filed" the action on October 29, 2021—that is, the date on which he filed his administrative tort claim with the Bureau of Prisons. [ECF No. 82 ¶ 10C; *see also* ECF No. 1-1 at 2.] The court finds the discrepancy irrelevant to the disposition of this case. The record indicates, and the Report acknowledges, that Plaintiff saw a physician for treatment of his shoulder on August 23, 2021—prior to his filing either an administrative complaint or this federal lawsuit. *See* ECF Nos. 80 at 3; 1-1 at 3. Thus, Plaintiff's grievance is a medical malpractice claim arising from the physician's course of treatment, regardless of the filing date referenced. As noted above, Plaintiff fails to establish such a claim under South Carolina law.

### 5. Procedural Objections

Finally, the court overrules the various procedural arguments contained in Plaintiff's objections. First, Plaintiff argues the Report "erred by allowing the United States to use an affirmative defense that Plaintiff never listed an expert witness[,]" though the deadline for

12

affirmative defenses had passed. [ECF No. 82 ¶ 8.] However, as Defendant argues in its response, Plaintiff's failure to provide expert testimony is a failure to meet his burden of proof, rather than a waived affirmative defense. [ECF No. 83 at 3.] His objection is accordingly rejected.

Next, Plaintiff claims Defendant should have been asked to clarify its statement that the United States "admits only what is contained in the medical records," as it may have "disclosed" a genuine issue of material fact. [ECF No. 82 ¶ 9.] But, as the Report observes, Plaintiff cannot avoid summary judgment by making a vague reference to the record. [ECF No. 80 at 7 (citing *Celotex Corp.*, 477 U.S. at 322–23).] Because Defendant, as the movant, has met its initial burden of showing summary judgment is appropriate, Plaintiff must set forth specific facts to prove a genuine issue for trial. *Id.* Because Plaintiff does not do so, his objection fails.

Lastly, Plaintiff objects that the Report erred in overlooking Defendant's violation of a discovery request filed by Plaintiff on March 2, 2023. [ECF No. 82 ¶ 11.] Plaintiff, however, fails to articulate what exactly he requested in his motion and how Defendant's alleged "violat[ion] of the Rules of Discovery" impacts the disposition of this case. *Id.* The court, therefore, does not disturb the Report's conclusion on account of this procedural objection.

C.  **Plaintiff's Motions for Judgment on the Pleadings and Summary Judgment**

The magistrate judge further recommends the court deny Plaintiff's motions for summary judgment, ECF No. 64, and for judgment on the pleadings, ECF No. 68. [ECF No. 80 at 6–7, 18–19.] For the reasons below, the court adopts the recommendation in full.

Plaintiff moves for summary judgment "based on the fact that there is no genuine dispute to any material fact that he has presented in his claims" and on Defendant's "failure to adequately present facts in the record to dispute [P]laintiff's assertions that the United States breached its duty of care owed to Plaintiff." [ECF No 64 at 1.] As the Report notes, Plaintiff's motion does not

13

discuss the elements for establishing Defendant's liability under the FTCA. [ECF No. 80 at 18.] Moreover, though Plaintiff attaches several medical records to his motion, he fails to either reference those records or explain their significance. *Id.* at 19. The court agrees that Plaintiff, as the movant for summary judgment, fails to meet its burden of demonstrating the absence of a genuine dispute of material fact. His motion for summary judgment, ECF No. 64, is accordingly denied.

Plaintiff also moves for judgment on the pleadings on similar grounds. He specifically argues Defendant "has provided discovery and interrogatories which equated to over 500 pages of medical records and . . . has failed [to] present any facts in the record to dispute Plaintiff's assertions that the United States breached its duty of care owed to Plaintiff . . . or to present any genuine dispute to any material fact that has been presented in Plaintiff's claims." [ECF No. 68 at 1.] The court agrees with the Report's assessment that the motion reads as one for summary judgment, based on the legal standard he references and on his appeals to evidence outside the pleadings. [ECF No. 80 at 6.] But, even under a 12(c) standard, the court agrees Plaintiff is not entitled to judgment on the pleadings. As the Report correctly summarizes, Defendant, "[i]n its answer to the amended complaint, 'admits only what is contained in the medical records,' otherwise denies Plaintiff's allegations, and raises multiple affirmative and other defenses.'" *Id.* at 7 (citing ECF Nos. 50, 53, and 54). Plaintiff's motion does not demonstrate that he is entitled to judgment as a matter of law based on these materials. The court therefore denies Plaintiff's motion for judgment on the pleadings, ECF No. 68.

## CONCLUSION

For the foregoing reasons, the court adopts the Report, ECF No. 80, except as modified and incorporates it by reference. The court accordingly **GRANTS** in part and **DENIES** in part

Defendant's motion for summary judgment, ECF No. 65. Plaintiff's alleged negligence claim remains only to the extent it is premised on Defendant's response to his diarrhea. Plaintiff's motions for summary judgment, ECF No. 64, and judgment on the pleadings, ECF No. 68, are **DENIED**.

The court grants the parties 30 days to file dispositive motions as to the remaining portion of Plaintiff's claim, ECF No. 50. This matter is referred to the magistrate judge to resolve any preliminary matters.

**IT IS SO ORDERED.**

January 5, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge