IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin James Reid,<br><br>                        Plaintiff,<br><br>v.<br><br>United States of America,<br><br>                        Defendant. | C/A No. 1:22-cv-1687-SAL<br><br>**ORDER** |

Calvin James Reid ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA"). Initially, Plaintiff alleged the United States of America ("United States" or "Defendant") was grossly negligent, engaged in willful, wanton, and reckless conduct, and breached its duty of care by failing to treat Plaintiff's serious medical needs while he was a federal inmate incarcerated at the Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. [ECF No. 50 at 1.] This court previously granted summary judgment to the United States as to almost all of Plaintiff's claims. [ECF No. 86.] What remains is an allegation of negligence related to Defendant's response to Plaintiff's diarrhea. *Id.* at 14–15. The court allowed the parties time to file dispositive motions as to the remaining claim and recommitted this matter to the magistrate judge. *Id.* at 15. The United States moved for summary judgment, which is now fully briefed. [ECF Nos. 109, 121, 122.]

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 123.] In the Report, the magistrate judge recommends granting Defendant's motion for summary judgment. *Id.* Included with the

1

Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 16. On November 25, 2024, Plaintiff filed objections. [ECF No. 128.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

### I.     The Report

The Report outlines the relevant facts and standards of law, which the court incorporates in this order without a full recitation here. [ECF No. 123.]

At the time of the court's previous order, the court had very little information about what evidence supported Plaintiff's claim that the United States failed to provide him proper treatment for his diarrhea. *See* ECF No. 86 at 8–9. That is, the court relied on Plaintiff's allegation that he received "no treatment" for his diarrhea, without any clear evidence in the then-available record indicating that Plaintiff had any contact with a medical professional regarding his diarrhea. *Id.* That said, based on the briefing by the parties and the additional evidence that has now been provided, it appears Plaintiff had some contact with medical staff where he complained of diarrhea in late 2021. The relevant evidence is detailed in the Report. *See* ECF No. 123 at 3–6. And, as explained there, the record now demonstrates that Plaintiff's claim sounds in medical malpractice. *Id.* at 10–11. The court also agrees with the magistrate judge that Plaintiff's medical malpractice claim related to his diarrhea requires medical expert testimony. *Id.* at 11–12. There is no such testimony in this case. For the same reasons articulated as to his other FTCA claims, *see* ECF No. 86 at 9–10, the United States is entitled to summary judgment on Plaintiff's diarrhea claim where he has failed to establish the standard of care or that the United States deviated from that standard. *See also* ECF No. 123 at 11–12.

Further, the magistrate judge explains that, even if Plaintiff's claim sounded in simple negligence, it would fail because "there is insufficient evidence to show Plaintiff suffered an injury proximately cause by the United States' failure to treat Plaintiff's diarrhea before it resolved itself." *Id.* at 13. Additionally, Plaintiff's claim also fails under the FTCA because he has not submitted evidence of a physical injury that is more than de minimis related to his claim of improper treatment for his diarrhea. *Id.* at 13–14.

Also in the Report, the magistrate judge denied Plaintiff's motion to amend his complaint. *See* ECF No. 119. Plaintiff specifically sought to include allegations that he submitted numerous written requests to staff and was denied access to computers from August 23, 2021, to October 18, 2021. This claim, however, is contradicted by evidence provided by the United States, showing that he submitted electronic requests during that period. *Id.* Furthermore, the magistrate judge found the proposed amendments were futile since, even if true, they did not change her analysis or the reasons for recommending dismissal of Plaintiff's remaining claim. [ECF No. 123 at 15.]

## II.     Plaintiff's Objections

Plaintiff's objections include a list of seven objections to the magistrate judge's analysis and conclusions, *see* ECF No. 128 at 2–4, with additional statements of law and other objections detailed on pages 4-8. The court addresses these objections, grouping them together and addressing them out of sequence for clarity and convenience.

In his first objection, Plaintiff argues the United States failed to show Plaintiff received medical treatment, nor did it "contest the careless act with respect to medical treatment for the diarrhea." [ECF No. 128 at 2–3.] However, as outlined in the Report, summary judgment is warranted due to the lack of evidence regarding the applicable standard of care and any deviation from that standard by the Defendant—both of which are essential to the Plaintiff's FTCA claim

4

Plaintiff raises. These other issues have no bearing on that analysis. Accordingly, the court overrules Plaintiff's objection.

In his fourth objection, Plaintiff sets forth the standard for negligence under South Carolina law and summarily asserts that he has satisfied the four required elements. [ECF No. 128 at 3.] As an initial matter, summary judgment remains appropriate even if Plaintiff's assertions are correct since the magistrate judge determined that Plaintiff's diarrhea claim is more appropriately characterized as sounding in medical malpractice rather than negligence. The negligence analysis provided an alternative basis for summary judgment. Moreover, the court agrees with the magistrate judge's reasoning regarding the negligence claim, and Plaintiff's cursory assertion that he has met the required elements does not address the deficiencies identified in the Report. *See* ECF No. 123 at 12–13. The court overrules this objection, as well.

Plaintiff's objections often appear to stem from a misunderstanding of the Report's findings. For example, in his third objection, he argues the magistrate judge erred where "she stated that because Plaintiff had never saw a Professional for the diarrhea and has not met the burden to proceed on the claim . . . ." [ECF No. 128 at 3 (errors in original).] To the contrary, the Report does not make such a finding. Instead, it acknowledges that Plaintiff reported some complaints about his diarrhea to medical professionals in late 2021. Nevertheless, expert testimony is required to establish an FTCA claim, and Plaintiff provided no such evidence. *See* ECF No. 86 at 9–10. In his seventh objection, Plaintiff argues the magistrate judge erred by permitting the United States to rely on an affirmative defense, ECF No. 128 at 4, but the Report expressly declined to address the United States' affirmative defenses. *See* ECF No. 123 at n.7. Plaintiff also argues the magistrate judge erred by failing to address the comparative negligence

argument. [ECF No. 128 at 5.] But it is unclear how an affirmative defense that was not ruled on has any relevance to the disposition of this case. The court overrules these objections.

Plaintiff's sixth objection challenges the Report for failing to consider the date the FTCA claim was filed and for failing to mention "Defendant has a statutory duty of care 'owed by the Bureau of Prisons ("BOP") to federal prisoners is fixed by 18 U.S.C. § 4042, independent of an inconsistent state rule.'" [ECF No. 128 at 4 (citing *United States v. Muniz*, 374 U.S. 150, 164–65 (1963)).] Plaintiff raised a similar argument in his previous objections, and the court rejected it, noting "the FTCA incorporates the tort law of South Carolina—the place where the injury occurred." *See* ECF No. 86 at 10–11 (citing 28 U.S.C. § 1346(b)(1)). Plaintiff also reargues an issue he raised based on *Pledger v. Lynch*, 5 F.4th 511 (4th Cir. 2021). The court has addressed that argument, as well. And for the same reasons articulated, the court overrules these objections. [ECF No. 86 at 10–11.]

In his fifth objection and elsewhere, Plaintiff argues the magistrate judge erred in construing his diarrhea claim as one of medical malpractice. [ECF No. 128 at 3.] He emphasizes that the court recommitted the matter to the magistrate judge "based on the claim that the diarrhea is not sound in medical malpractice . . . ." *Id.* at 6 (errors in original). Plaintiff also argues the magistrate judge failed to identify evidence supporting this characterization. This argument lacks merit. As explained above and in the Report, the evidence before the court supports the conclusion that Plaintiff's diarrhea claim is indeed one of medical malpractice. The prior denial of summary judgment and recommittal were based on an incomplete record, and Plaintiff has failed to meet its burden under the applicable legal standard. *See* p. 3, *supra*; *see also* ECF No. 123 at 10–11. The court overrules this objection.

Plaintiff's second objection challenges the denial of his motion to amend the complaint. [ECF No. 128 at 3.] He claims the proposed amendment would have allowed him to conduct additional discovery regarding his many written cop-outs. Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). But the court's review is limited to determining whether the magistrate's ruling was "clearly erroneous" or "contrary to law." *Id.* A district judge may modify or set aside a magistrate judge's decision only if it meets this stringent standard. *Id.* A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The court cannot say the magistrate judge's denial of the motion to amend was clearly erroneous. To the contrary, the court agrees with the magistrate judge's analysis and conclusion—even taking as true what is included in the proposed amended complaint, the court's ultimate analysis is not changed. As a result, the motion to amend is futile. *See* ECF No. 123 at 14–15.

Plaintiff maintains that there is a genuine issue of material fact and that his negligence or malpractice claims should be decided by a jury. [ECF No. 128 at 7.] The court disagrees. For the same reasons provided above and in the Report, the court concludes that the United States' motion for summary judgment should be granted.

## CONCLUSION

For the reasons above, the Report, ECF No. 123, is adopted and incorporated. As a result, this court **GRANTS** Defendant's motion for summary judgment, ECF No. 109. This case is dismissed in its entirety.

**IT IS SO ORDERED.**

January 17, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge